

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00161-CV

RICHMONT HOLDINGS, INC.,
NUKOTE HOLDING, INC., NUKOTE
INTERNATIONAL, INC.,
INKBRARY, LLC, SUPERIOR
ACQUISITIONS LLC, JOHN P.
ROCHON, SR., JOHN P. ROCHON,
JR., KELLY KITTRELL, RUSSELL
MACK, C & R SERVICES, INC.,
AND KENNETH R. SCHLAG

APPELLANTS

V.

SUPERIOR RECHARGE
SYSTEMS, L.L.C. AND JON BLAKE

APPELLEES

----------

## FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION ON REMAND[1]

----------

---

[1]*See* Tex. R. App. P. 47.4.

In this case on remand from the Supreme Court of Texas, Appellants Richmont Holdings, Inc.; Nukote Holding, Inc.; Nukote International, Inc.; Inkbrary, LLC; Superior Acquisitions LLC; John P. Rochon, Sr.; John P. Rochon, Jr.; Kelly Kittrell; Russell Mack; C & R Services, Inc.; and Kenneth R. Schlag (collectively the Richmont parties) appeal from the trial court's order denying their motion to compel arbitration of the claims brought against them by Appellees Jon Blake and Superior Recharge Systems, L.L.C. (collectively the Blake parties). In their sole issue on appeal, the Richmont parties argue that the Blake parties failed to demonstrate a waiver of the arbitration provision. Because we hold that the Richmont parties substantially invoked the judicial process to the prejudice of the Blake parties, we affirm.

**Background**

*The Blake parties file this lawsuit*

In June 2008, the Blake parties filed suit in Denton County against Richmont Holdings, Inc.; Nukote Holding, Inc.; Nukote International, Inc.; Inkbrary, LLC; Superior Acquisitions LLC; John P. Rochon, Sr.; John P. Rochon, Jr.; Kelly Kittrell; and Russell Mack. The Blake parties sought a declaratory judgment that a covenant not to compete—signed by Jon Blake in an employment agreement related to a transaction involving the sale of Superior Recharge to Superior Acquisitions—was unenforceable. Blake also sought injunctive relief.

2

The Richmont parties moved to transfer venue to Collin County. In an amended motion, they sought to transfer venue to Dallas County based upon a venue provision in Jon Blake's employment agreement. They argued alternatively that Collin County was the proper county for the suit. When the Blake parties added C & R Services and Kenneth Schlag as defendants, those defendants filed their own motion to transfer venue to Dallas, or, alternatively, Collin County.

On October 20, 2008, Superior Acquisition sued Jon Blake in Dallas County for breach of contract, breach of fiduciary duty, and civil theft. The suit was based on "Blake's failure to perform his duties under the terms of his employment contract, and his misappropriation of company funds." The Dallas County trial court abated that case.

*The Richmont parties file a motion for continuance*

The Blake parties filed a motion seeking to compel discovery and requesting discovery sanctions. The motion was set for a hearing on December 21, 2009. The Richmont parties filed a motion for continuance on December 18, 2009. The Richmont parties' attorney stated that he had suffered a medical emergency, had been ordered not to walk or put pressure on his foot, and was under the influence of "strong pain medication." No order on the motion appears in the record, but on January 6, 2010, the trial court signed an order noting that it had conducted the hearing on December 21. The order instructed the Richmont parties to respond without objection to each of the Blake parties' discovery

3

requests and to deliver any documents sought by the Blake parties in discovery to their counsel by March 21, 2010. The trial court also ordered the Richmont parties to pay $5,550.50 in sanctions by that date.

*The Blake parties file a motion to consolidate*

In January 2010, the Blake parties filed a motion to consolidate their suit with one that had been filed by Toner Solutions Corporation in Denton County against Richmont Holdings; Inkbrary; Rochon, Sr.; Rochon, Jr.; Kittrell; Schlag; and others not involved in this suit. The motion asserted that Richmont Holdings was the parent company of all the entities involved in both suits and that both actions evolved out of Richmont Holdings' actions "to perpetrate a scheme to monopolize the market for remanufacture and sale of . . . printer cartilages [sic]."

*The Richmont parties move to compel arbitration and to stay discovery*

On January 27, 2010, the Richmont parties filed a motion to compel arbitration. They alleged that the suit arose out of the purchase of Superior Recharge's assets and that the asset purchase agreement contained a clause mandating arbitration of any dispute regarding the agreement. On March 15, 2010, they filed a motion asking the trial court to stay discovery until after the trial court had ruled on their motion to compel arbitration.

On March 19, 2010, in an original proceeding filed by the Richmont parties, this court stayed the trial court's January 6, 2010 order compelling discovery and stayed all other proceedings in the trial court in the same cause until further notice except for any proceedings relating to the hearing of or ruling upon the

4

motion to compel arbitration. On the same date, the Blake parties filed a response to the motion to compel arbitration asserting that the Richmont parties had waived arbitration.

The trial court held a hearing on the motion to compel arbitration, and, on May 18, signed an order denying the motion to compel arbitration. The Richmont parties appealed. This court held that the Blake parties' pleadings dealt with the employment and non-compete agreement, which did not contain an arbitration provision.[2] On review, the Supreme Court of Texas held that the parties did have a valid arbitration agreement and remanded the case back to this court to consider the Richmont parties' waiver defense.[3]

## Standard of Review

When reviewing a denial of a motion to compel arbitration, if the court's factual findings are in dispute, we review the court's denial of the motion to compel under a legal sufficiency or "no evidence" standard of review.[4] We defer to the trial court's factual determinations that are supported by evidence, but we review the trial court's legal determinations de novo.[5] Whether a party has

[2] *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 392 S.W.3d 174, 183 (Tex. App.—Fort Worth 2011).

[3] *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 392 S.W.3d 633, 633–34 (Tex. 2013).

[4] *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 233 (Tex. 2003).

[5] *Rachal v. Reitz*, No. 11-0708, 2013 WL 1859249, at *2 (Tex. May 3, 2013); *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009).

5

waived an arbitration clause is a question of law for the court to decide based on the totality of the circumstances.[6]

## Applicable Law:  Waiver of Arbitration

Once a party seeking to compel arbitration has established the existence of an enforceable arbitration agreement and that the dispute falls within its scope, the burden shifts to the party opposing arbitration to raise an affirmative defense to the agreement's enforcement, such as waiver.[7]  A party's waiver of the right to compel arbitration may be express, or it may be implied from a party's unequivocal conduct.[8]  Whether express or implied, the waiver must be intentional.[9]  A party impliedly waives an arbitration clause when the party (1) substantially invokes the judicial process (2) to the other party's detriment or prejudice.[10]  The Supreme Court of Texas has held that parties who "conduct full discovery, file motions going to the merits, and seek arbitration only on the eve of

---

[6]*Perry Homes v. Cull*, 258 S.W.3d 580, 601 (Tex. 2008); *In re Citigroup Global Mkts., Inc.*, 258 S.W.3d 623, 625 (Tex. 2008) (orig. proceeding).

[7]*Ellis v. Schlimmer*, 337 S.W.3d 860, 862 (Tex. 2011); *In re Fleetwood Homes of Tex., L.P.*, 257 S.W.3d 692, 695 (Tex. 2008) (orig. proceeding) (directing the trial court to compel arbitration when the party resisting arbitration failed to show waiver).

[8]*Perry Homes*, 258 S.W.3d at 593.

[9]*In re Bank One, N.A.*, 216 S.W.3d 825, 827 (Tex. 2007) (orig. proceeding).

[10]*Perry Homes*, 258 S.W.3d at 589–90.

trial" waive any right to enforce a contractual arbitration provision.[11] Whether actions that do not rise to that level of participation in the judicial process constitute waiver is decided on a case-by-case basis.[12]

To determine whether a party has impliedly waived arbitration, courts should look to the totality of the circumstances. In conducting this analysis, the Supreme Court of Texas has considered factors such as:

- when the movant knew of the arbitration clause;

- how much discovery has been conducted;

- who initiated it;

- whether it related to the merits rather than arbitrability or standing;

- how much of it would be useful in arbitration; and

- whether the movant sought judgment on the merits[13]

Prejudice in the context of waiver of arbitration agreements refers to "inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue."[14] That is, "a party should not be

---

[11] *In re Citigroup Global Mkts.*, 258 S.W.3d at 625 (quoting *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 764 (Tex. 2006) (orig. proceeding)).

[12] *Perry Homes*, 258 S.W.3d at 591.

[13] *Id.* at 591–92.

[14] *Id.* at 597 (quoting *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004)).

allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party."[15]

This court has held that three factors are particularly relevant in assessing prejudice. First, the court should consider the time and expense incurred due to the moving party's participation in judicial proceedings.[16] Second, the court should consider the failure to assert the right to arbitration. A demand for arbitration puts the other party on notice that arbitration is forthcoming and gives that party the opportunity to avoid compromising its position with regard to arbitrable and nonarbitrable claims.[17] Third, if discovery has been conducted, the court should consider whether that discovery related only to a party's nonarbitrable claims or all of the party's claims, including the arbitrable claims. Pretrial discovery activity relating to a party's arbitrable claims can result in prejudice from a party's use of judicial processes to gain access to information that would not have been discoverable in arbitration.[18] Providing discovery and getting discovery do not necessarily have the same prejudicial effect; "a party who requests lots of discovery is not prejudiced by getting it and taking it to

---

[15]*Id.* (quoting *In re Tyco Int'l Ltd. Sec. Litig.*, 422 F.3d 41, 46 n.5 (1st Cir. 2005)).

[16]*Haddock v. Quinn*, 287 S.W.3d 158, 181 (Tex. App.—Fort Worth 2009, pet. denied).

[17]*Id.*

[18]*In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998) (orig. proceeding); *Haddock*, 287 S.W.3d at 181.

8

arbitration in the same way that a party who produces lots of discovery outside the stricter discovery limits in arbitration."[19]

## Analysis

*Substantial Invocation of the Judicial Process*

The Blake parties asserted the following acts of the Richmont parties to demonstrate that those parties waived their right to demand arbitration.

- The Richmont parties had filed suit in Dallas County on claims that involved the same transaction as the one which the Blake parties based their claims against them;

- The Richmont parties had not produced any documents in response to the Blake parties' requests for production;

- A hearing on Blake's motion for sanctions had originally been set for September 2009 but was rescheduled for a date in October;

- The Richmont parties counsel asked to reschedule the hearing due to illness, and the hearing was rescheduled for November 13, 2009;

- The attorney for the Richmont parties rescheduled due to illness a meeting at which the attorneys for both sides were to review discovery requests and to which the Richmont parties' attorney was supposed to bring production documents;

- Counsel for the parties met on November 9, 2009, and counsel for the Richmont parties agreed to withdraw most of his objections to the Blake parties' discovery requests and to execute a Rule 11 agreement to submit discovery, and, in return, the Blake parties' counsel agreed to cancel the hearing on the motion for sanctions;

- The Richmont parties' attorney did not sign the Rule 11 agreement, however, and therefore the Blake parties reset the motion for sanctions hearing for December 21;

---

[19] *Perry Homes*, 258 S.W.3d at 600 (emphasis omitted).

9

- The Richmont parties' filed a motion for continuance on December 18 due to illness, but the trial court held the hearing and entered the order compelling discovery and granting sanctions against the Richmont parties; and

- The Richmont parties drafted the arbitration clause and were therefore aware of it from the onset of the litigation.

To show that they had been prejudiced by the Richmont parties' failure to invoke their right to arbitration, the Blake parties pointed to the following:

- The Richmont parties tendered a request for disclosure, and responding to the request took the Blake parties four hours;

- The Blake parties incurred in excess of $50,000 in attorney's fees; although the Blake parties did not segregate all of the fees to show which fees were due to the Richmont parties' invocation of the judicial process and which were self-inflicted,[20] they did allege that at least $5,000 of the fees were incurred in defending the Dallas litigation; and

- The Richmont parties sought to delay discovery, forcing the Blake parties to file motions, attend hearings, and seek sanctions to obtain the discovery.

The Richmont parties filed a response stating, among other things, that the Dallas County suit "dealt with employment issues, such as civil theft, which is not a part of this lawsuit," and that the suit did not involve all of the same parties. They asserted that they had not conducted discovery related to the merits and therefore had not gained any information that they would not have been entitled to in arbitration, and the Blake parties would not be prejudiced by arbitration.

---

[20] *See In re Vesta Ins. Group*, 192 S.W.3d at 763 (stating that the opposing party's high costs and attorney's fees did not show prejudice because the pre-trial costs were "largely self-inflicted" from his sending discovery requests and amending his petition).

10

They also stated that they moved for arbitration after the Blake parties amended their petition to add additional claims and parties and broadened the depth and scope of the lawsuit and then moved to consolidate the suit with a completely different case with different parties and claims and concerning a different contract.

The Richmont parties also asserted that the Blake parties contributed to the delay because at the October 2, 2008 hearing on the motion to transfer venue, the trial court stated that it would reset the hearing so that the Blake parties could replead, but the Blake parties did not replead until June 18, 2009. They stated that the Blake parties took over two and a half months to file a response to the motion to compel arbitration and another month and half to file its supplemental brief on the response.

The Blake parties demonstrated that the Richmont parties' delay in demanding arbitration led them to incur attorney's fees in making discovery requests, filing motions to compel discovery, and setting hearings on the motions, and attending hearings. We hold that the Blake parties met their burden to demonstrate that they suffered prejudice by the Richmont parties' substantial invocation of the judicial process.[21]

---

[21]*CropMark Direct, LLC v. Urbanczyk*, 377 S.W.3d 761, 764–66 (Tex. App.—Amarillo 2012, pet. denied) (holding that CropMark had waived its right to arbitration when it requested a jury trial, delayed seeking arbitration, participated in discovery that went to the merits rather than to assist in the determination of whether the claims were subject to arbitration, and used discovery mechanisms not available through the arbitration process); *Spain v. Houston Oilers, Inc.*, 593

Schlag and C & R Services argue in the alternative that even if the other Richmont parties waived arbitration, they did not. They assert that they were not brought into the lawsuit until August 7, 2009 and did not file their motion to transfer venue until August 28, 2009. But most of the allegations made against the other Richmont parties applied equally to Schlag and C & R Services. They also filed a motion to transfer venue, and they also resisted participating in discovery, thereby forcing the Blake parties to file motions and set hearings and incur attorney's fees. Accordingly, we overrule the Richmont parties' issue.

## Conclusion

Having overruled the Richmont parties' sole issue, we affirm the trial court's order denying the motion to compel arbitration.


LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

LIVINGSTON, C.J., concurs without opinion.

DELIVERED: August 22, 2013

---

S.W.2d 746, 748 (Tex. Civ. App.—Houston [14th Dist.] 1979, no writ) (holding that the appellee's long delay in demanding arbitration, in conjunction with the use of pre-trial discovery not available in arbitration, manifested an intent on the part of the appellee to waive its right to arbitration).

12