949-15

Pro Se

# Petition For Discretionary Review

No. 0949-15

## In The Texas Court Of Criminal Appeals

### In Austin, Texas

Zachariah Arthur Williams

V

State Of Texas

On Appeal In The Court Of Appeals

Fifth District Of Texas at Dallas

No. 05-13-01479-CR

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 21 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

SEP 23 2015

Abel Acosta, Clerk

ON APPEAL FROM The Criminal District Court No. 3

Dallas County Texas

Trial Court Cause No. 1353277-J

Before Justices Myers, Evan, and Brown Zachariah Arthur Williams Conviction of aggravated Assault Was Affirm The Trial Court's Judgment.

Appeallant Pursuing Permission for Discretionary Review Praying for Relief.

# Table of Contents

1.) Showing and Argueing of The Conflicting Statments at Crime Scene of Case.

2) Charging of The Offense of Appellant

3) All Eliment's and Error's and Grounds at Trial

4). The Appellant's Prayer for Relief

STATEMENTS

F13-53277

Back Ground of Cause #1353
THAT Was Presented From Court of APPEAL'S FIFTH DISTRICT OF
TEXAS AT DALLAS NO. 05-13-01479-CR
The Appellant Sent Actual Police Records concerning Different
Statements at The scene of The crime This Truck Driver Was
awakened by What he described as a metal Pipe hitting the Ground
if That's a TRUE STATEMENT Then The Witness did not SEE What
Happen Here because if he heard The Metal Pipe hit the Ground
The fight Was over because I staggard over and Pick up the
bat and Left, as I am leaving The Prostitute Confirm she saw
me Go Towards The dumpster." in The Prostitute Testimony
There Was Someone Else at The scene of The crime because
They kept Saying I had khaki OVERHAULS But The Took My OVER
Hauls They Where Camough Flause not khaki The Prostitute is a
man suspect in This Case because Appellant's First Time at a
location not knowing anybody only Passing Time until His
Vehical Was Repaired, My Argument The investigation of The
Crime scene Was not Thourdy search for another suspect and
Did not Hold the PROSTITUT Who Was in Gaged in Criminal act
ivity Trespassing For Soliciting Possesion of Drugs known at Lo
cation, Where is This other suspect That Was on His knees so
and since it awhaken him Why he could not Identify The
bat are Identify Me Since he seen another Guy Hitting

Another Guy" AFTER Appellant Was TOLD TO STOP He surrendered
To officers. Told officer I could not breath Hyperventalating from
being Hit in My Temple of My skull. Pass out Laying in The
middle of The STREET" Hand cuffed. Asking for Medical HELP
Paramedic came and Gave Me SOMETHING Very SWEET.
officer's questioning Me at The scene of the Crime and I TOLD
I was attacked and Was Hit in The skull Several Times
With this aluminum 84 inch bat.

Defendant Was convicted of aggravated assault Penal Code 22.02.

My Argument Here Cite 161 S.W. 3d 503 (Tex Crim App 2005) Charles Ray Irving V State of Texas

Defendant Was convicted in jury Trial in No. 3 Dist. Court of Dallas Texas Honorable Judge Gracie Lewis of Aggravated Assault Defendant Appealed in Dallas Court of Appeals Affirm the conviction.

Holding on States Petition for discretionary Review, The Court of Criminal Appeals Myers Justice Held that Simple assault by means of striking Victim With fist Was not a lesser included offense of aggravated assault by striking Victim With a bat.

Criminal Law 0=795(1,5,2,10)

A defendant is Entitled to a lesser included offense instruction in jury charge (Appellant Requesting Charge is a lesser included offense of the offense thats Charged and (2) if the defendant is Guilty He is only Guilty of only of the lesser offense Vernon's Texas CC, Part 37.09

Indictment and Information 0=189(2)

Simple assault by Means of Defendant Stricking Victim With his fist Was not a lesser offense of agg assault by Hitting Victim With a bat alledged in indictment Vernon's Ann penal Code 22.01 22.02.

#1

## Cited Cases of Error's

I. Before Trial Appellant - Told His Appointed Attorney; That He Would Like and Examining Trial; He Fail to File for Examining Trial Wich Was insofficant of Counsel STRICKLAND V Washington 466 U.S. 668, 687, 104 SCT 2052, 2064 80 L Ed 2D674 (1984) Stament of App. ATT. I don't want you to Get PROBATION I Want TO Win The Case, Appellant Indictment was delivered Agg Rob With Dacerous Weapon, Appellant FILED several Motion With Dallas County Clerks of Court's in This Volation of DUE Process Clause See Bordon Kircher V

II. Hayes 434 U.S 357 363 (1978) The Speedy Trial ACT The SIXTH Amendment. Defendant Filed motion for examing Trial, motion To Surppress, motion Dismissal of council motion for a speedy Trial. also a motion To Dismissal

III. Of Indictment; WERE The Charging Instrument allege all Elements OF The offense in ORDER TO CONSTITUTE a Indictment Where here The Charging Instrument ommitted an element OF The offense and The Indict ment Was Void and Trial COURT Lacked Jurisdiction, defect at Trial Texas Legisla -Ture TO Prescribe by STATUE The effects of SUBSTAN defects in Charging Instruments U.S Green 139 F3D 1002 1004

IV. Attorney did not object To The Maranda Rights Volation At Trial my STATEment was Admitted after officer Had Interrogated me and Then Taken to Headquarter's Question a second Time 569 MO V Seibert 542 US 600 615 COSTODIAL INTERROGATION HarmLESS Undermind The FIFTH Amendment Privilege or self Incriminarion 384 US 436, 448-50, 455 (1966)

TO The Honorable Courts of Criminal APPEALS Comes NOW APPELLANT Zachariah ARTHUR WILLIAMS JR, Prayer for Relief, IN Plain ERROR OF This Petition OF Discretionary Review, BY NOT Required TO Recieve Court Records, Appellant Argues That His entitled TO COURT Records TO Persue APPEAL, OLIVER V STATE 96 S.W. 3D 316 (Tex Amarillo 2000)

Respectfolly Submitted
Pro Se Z Williams JR
Zachariah Arthur Williams JR.
TDC # 1863415
C/O Texas Department of Criminal Justice
BYRD UNIT
21 FM 247
Huntsville, Texas 77320

Certification of Service
I hereby Certify That a copy of the foregoing motion has been Served on the Courts of Criminal APPEALS OF TEXAS P.O. BOX 12308 Capitol STATion, Austin, Texas 78711, by Depositing Same IN the United States Mail, Postage Pre Paid on Sept 17 2015
Z A Williams JR

Zachariah Arthur Williams JR

1. Appellant also Had To Select A Jury Appellant Wanted men That Where Africain Americans Mostly There Were no Africain American males only Two African Americain Woman Whom I Had elimanated because of Her unconcern about instruction and The Second Africain American female Was Very Familar With the Prosecuter so As here Jury selection Violation Potential Racial Prejudice US V Rucker 557 F 2d, 1046, 1047 (4th cir 1977)

2) APPOINTED ATTORNEY: Fail To instruct The Jury Properly That deadly Force Was immediatEly Neccessary or be Killed Harm less ERROR – Penal Code 932 (A) When the ERROR Was Not Preserved in trial Unobjection to Trial ERROR Requires Relief it deprived Appellant of a fair trial Neal V State 235 SW 3d 244, 249 Tex Crim App 2008 The Omission of Persumption impacted the Verdict

3 Appellant Was not Identified by Wittness Callahan Who Gave False Staments at Trial How The Fight Was Coached by Prosecuter

4 and Victim at Trial Could not Identify Appellant As Here is a due Process Neil V Biggs 409 US 188, 198-99 (1972 Victim or Witness not able to Identify Appellant. Harmless ERROR

5 Deffendant Was shackled before Jury Which Violated his 5th and 14th Amendments Right and STATE Bordon of Reasonable doubt To demonstrate That Was a Harmeless ERROR.

6. Not being able To aquire a solide defense no objection Indictment Change in trial deffendant not knowing What To do attorney Told me not To Testify in my be Half Jury Come back in 30 minutes Guilty.

Discussing Self Defense

Appellant Self Defense is justified for ones action Which neccessary requires admission that The Conduct occurred Young V State 991 S.W. 2d 835, 838 Tex 1999 discussing defense of neccessity as justification Mc Donald V State 72 S.W. 2d 56, 60 14 Dist 1988, Self Defense inconsistant With a denial of Conduct Sander's V State 707 S.W. 2d 78, 81 (Tex Crim App 1986) Did not Recieve a Fair and impartial Trial. ALManza 686 S.W. 2d at 171 denial and mistakes of facts, instructions in Light of Williams V State 930 S.W. 2d 898, 903 specify How The Mistakes Apply To facts of That Case 930 S.W. 2d 903 Clews V State 922 S.W. 2d 126, 129. Self defense 9.31 Protection of Life or Death 991 S.W. 2d 835 838 discussing defenses of Neccessity.

Discussing ABSTRACT Id # 11

: Applied in my Case; Concluding That When State Charges diffrent Criminal Acts, Regardless Wheather These Acts Constitute A Violation of The Same or diffrent Statortory Provision The Jury must be instructed That it Can not Return Guilty Verdict unless unamously agree upon Commission of any one of these acts.

Affirmed; Opinion Filed June 23, 2015.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

No. 05-13-01479-CR

---

ZACHARIAH ARTHUR WILLIAMS, Appellant
V.
THE STATE OF TEXAS, Appellee

---

On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court Cause No. F13-53277-J

---

# MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Evans

Zachariah Arthur Williams appeals his conviction for aggravated assault. In two issues, he complains the evidence is insufficient to support the conviction and the trial court erred when it failed to instruct the jury on the presumption of reasonableness as it related to his self-defense claim. We affirm the trial court's judgment.

BACKGROUND

The events leading up to appellant's arrest occurred during the early morning hours of March 7, 2013 at a Dallas truck stop near Interstate 20. At trial, a truck driver who witnessed the events testified that he was sleeping in his truck a little after midnight when he was awakened by what he described "like a metal pipe hitting the ground." He looked outside and saw "one man beating the snot out of another man." According to the truck driver, one man was on the ground

and the other man was above him, on his knees, using his bodyweight to add more leverage to his blows as he beat the man on the ground. The man on the ground was not moving. "It wasn't a normal one guy hitting another guy to defend him off or put him down. This guy was meaning to do some serious damage." The truck driver never saw the man on the ground move and saw a lot of blood. He never saw a weapon or identified what caused the metal clanking he heard. He called 9-1-1.

A patrol officer responding to the scene testified that when he arrived, he saw a person on the ground in front of an 18-wheeler with blood around him. The victim was disoriented, in pain, and his face was bloody and swollen. The victim was bleeding from the mouth and the officer saw teeth on the ground. There was also blood on the truck bumper. The officer interviewed Karen Jackson, a witness at the scene whom he knew from previous contacts was a prostitute. The officer noted prostitutes will sometimes work with others at a truck stop to rob truckers and he viewed Jackson initially as a potential suspect. Based on his investigation, the officer obtained a physical description of a suspect and that he was wearing khaki overalls. The officer also retrieved a duffle bag from the dumpster area containing two other bags.

A police sergeant driving to the scene saw an individual fitting the suspect description walking northbound on Lancaster just south of Interstate 20. There was blood on the individual's coveralls and he kept putting his hands in the pockets as if trying to conceal something. The sergeant stopped the man who was later identified as appellant and discovered a small aluminum bat in his pant leg. The bat was the type used by truckers to check tire inflation. Appellant also possessed gold cufflinks, a tie clip, cigarettes, and a lighter. The sergeant noticed appellant had a bump on his head above his left eye. Appellant admitted to the sergeant that he was involved in the fight stating, "Yeah, I hit him but he – he pulled the bat on me, and I took it away from him." Appellant further indicated, "Then I took my aggression out on him." A

–2–

crime scene investigator testified that he took photos of the crime scene, the victim and appellant. Among other things, he noted the bat had no visible blood on it.

The detective assigned to investigate the case interviewed appellant. After receiving his *Miranda*[1] warnings, appellant stated that the victim hit him on the head with the bat, but that he got the bat away from the victim. Appellant denied using the bat on the victim. The detective also saw the victim at the hospital. The victim had extensive facial injuries and could not be interviewed.[2]

Jackson also testified at trial. She indicated that appellant, whom she did not know until that night, took her to the victim and she got into the cab of the victim's truck. Appellant approached the truck and, according to Jackson, requested five dollars for finding and bringing Jackson to him. When the victim refused, appellant told the victim, "That's all right because I put your tires on flat. . . . You got to buy you some more tires." After the victim gave Jackson some dinner money she left the truck while the victim was still sitting in the truck and went to the Texaco. As she returned to the victim's truck, she passed appellant who told her the victim jumped out and started hitting him with a bat. Appellant showed her the bat and was also carrying a black bag. Appellant was headed towards a dumpster. Jackson looked for the victim inside the truck and did not find him. She discovered the victim lying outside the passenger side of his truck after she heard him call for help. She saw the victim covered in blood and ran towards some police cars yelling for help and pointing to the location of the victim.

The victim testified that he did not remember much from the night he was beaten. He awoke in the hospital several weeks after the incident. He lost teeth, his face was rebuilt, and he continues to have blurry eyesight, memory loss, torn rotator cuff, and numbness in his head and

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] A later attempt to interview the victim revealed he could not recall that night's events.

face. Because of the beating, he can no longer drive trucks. He identified the tie clip and cufflinks found on appellant the night of the incident as his. The victim's sister, with whom he was living, also testified as to the victim's extensive injuries. Appellant did not testify at trial.

The trial court sua sponte instructed the jury on the law of self-defense including the use of deadly force, and the law relating to whether appellant had the duty to retreat. *See* TEX. PENAL CODE ANN. § 9.32(a) and (c) (West 2011). However, the trial court's charge did not include an instruction pursuant to section 9.32(b) which creates a presumption that the actor's belief that deadly force was immediately necessary was reasonable if certain criteria are met. *See* TEX. PENAL CODE ANN. § 9.32(b). Appellant did not request or object to the absence of an instruction on the presumption of reasonableness. The jury found appellant guilty of aggravated assault. This appeal followed.

## ANALYSIS

### A. Presumption of Reasonableness

In his second issue, appellant contends the trial court erred by failing to instruct the jury on the presumption of reasonableness and argues he suffered egregious harm as a result of the error. In reviewing jury charge complaints, we generally determine whether the charge is erroneous and then analyze whether the error caused appellant harm sufficient to warrant reversal. *See Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). Where, as here, the alleged error was not properly preserved in the trial court, reversal is only proper if the error was fundamental in the sense that it was so egregious and created such harm that appellant was deprived of a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

A statutory presumption favoring the defendant must be submitted to the jury "if there is sufficient evidence of the facts that give rise to the presumption . . . unless the court is satisfied

that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact." TEX. PENAL CODE ANN. § 2.05(b)(1) (West 2011); *Morales v. State*, 357 S.W.3d 1,7 (Tex. Crim. App. 2011). As relevant here, the presumption of reasonableness applies unless the State proved beyond a reasonable doubt at least one of the following: (1) appellant neither knew or had reason to believe that the victim was committing or attempting to commit aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery or aggravated robbery, (2) appellant provoked the victim, or (3) at the time the deadly force was used, appellant was engaged in criminal activity other that a class C misdemeanor that is a violation of a law or ordinance regulating traffic. TEX. PENAL CODE ANN. § 9.32(b); *Villarreal v. State*, 453 S.W.3d 429, 435 (Tex. Crim. App. 2015).

In his brief, appellant relies heavily on the court of appeals's opinion in *Villarreal* to support his position that failure to include an instruction on the statutory presumption in the jury charge was error that resulted in egregious harm. *Villarreal*, 393 S.W.3d 867 (Tex. App.—San Antonio 2012) *reversed*, 453 S.W.3d 429.[3] In *Villarreal*, the San Antonio court reversed the defendant's murder conviction concluding that (1) the jury should have been instructed on the presumption of reasonableness, and (2) the defendant was egregiously harmed by the trial court's failure to do so. *Id.* at 874–76. Assuming without deciding the trial court erred in failing to instruct the jury on the statutory presumption, the court of criminal appeals reversed the court of appeals concluding that the defendant was not egregiously harmed by the omission. *Villarreal*, 453 S.W.3d 443.

We need not decide whether the trial court's failure to instruct on the presumption of reasonableness was error because we conclude appellant has not suffered egregious harm. As the court of criminal appeals noted in *Villarreal*, "[e]gregious harm is a 'high and difficult

---

[3] Appellant filed his brief before the court of criminal appeals issued its opinion in *Villarreal*.

standard' to meet and . . . must be 'borne out by the trial record.'" *Villarreal*, 453 S.W.3d at 433 (quoting *Reeves v. State,* 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). A conviction will not be reversed unless the defendant suffered actual as opposed to theoretical harm. *Id.* In order to determine whether appellant has suffered egregious harm we consider the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the arguments of counsel, and any other relevant information revealed by the trial record as a whole. *Almanza*, 686 S.W.2d at 171.

### 1. Entire Jury Charge

In addition to the trial court's abstract charges on aggravated robbery, aggravated assault, and theft, as well as application paragraphs related to those charges, the trial court *sua sponte* included a charge on self-defense. The self-defense charge correctly informed the jury on the general law of self-defense including when the use of force and deadly force is justified under sections 9.31(a) and 9.32(a) of the penal code, the meaning of "reasonable belief," and that verbal provocation alone is insufficient to justify the use of force. The trial court also instructed the jury on the law with respect to no-duty-to-retreat pursuant to penal code sections 9.31(e) and 9.32(c). The jury charge, however, did not include an instruction on the presumption of reasonableness regarding appellant's purported belief that the use of deadly force was immediately necessary. *See id.* at 9.32(b). Nevertheless, had the omitted instruction been given, it would have allowed the jury to disregard the presumption of reasonableness if it concluded that (1) appellant had no reason to believe the victim was trying to murder him, (2) appellant provoked the victim, or (3) appellant, at the time of the beating, was otherwise engaged in criminal activity as defined in the statute. *See id.*; *Villarreal*, 453 S.W.3d at 433–35. Because the omitted instruction would have permitted the jury to decide the presumption did not apply to the facts of the case, this factor does not weigh in favor of a conclusion that appellant suffered

–6–

some actual rather than theoretical harm from the omission. Moreover, the applicability of the omitted instruction depended upon the evidence adduced at trial to which we now turn. *See Villarreal*, 453 S.W.3d at 435–36.

2. State of the Evidence

Appellant contends the evidence that the victim hit him in the head with the bat constitutes some evidence that the victim was trying to murder him and there was no evidence that he provoked the fight or was engaged in any criminal activity at the time of the fight. But the State responds there was evidence appellant started the confrontation by threatening the victim and, prior to the beating, was engaged in a plot to assault and rob the victim such that he was not entitled to a presumption of reasonableness.

Although there was evidence that the victim had struck appellant in the head with the tire tester bat, appellant told the detective that he got the bat away from the victim and then took his aggression out on the victim. The trucker who witnessed the beating also testified that "it wasn't a normal one guy hitting another guy to defend him off or to put him down. This guy was meaning to do some serious damage." According to the trucker, he never saw the victim move during the beating and when appellant was finished, he grabbed the victim by the hair and hit his head against the bumper of the truck. The trucker then saw the beater take three bags out of the victim's truck. Jackson testified that after the victim refused to give appellant money, appellant told the victim he had flattened his truck tires and would have to buy new ones.

Except for appellant's own statements to the police and the bump on his head, there was no evidence at trial that supported appellant's justification defense. Indeed, even appellant admitted that he took his aggression out on the victim. The trucker who witnessed the beating also agreed that appellant did not appear to be acting in self-defense. When viewed within the entirety of the record, appellant's self-defense evidence was weak and we cannot conclude that

appellant was harmed by the omission of the presumption instruction or that the inclusion of the instruction likely would have altered the outcome as to whether appellant acted in self-defense. Accordingly, this factor also weighs against a conclusion that appellant suffered some actual rather than theoretical harm.

### 3. Arguments of Counsel

Appellant contends the State devoted a considerable portion of its closing argument discussing the law of self-defense and whether appellant acted reasonably. The closing arguments did emphasize the primary contested issue, namely whether appellant was justified in using deadly force and the reasonableness of appellant's belief that deadly force was immediately necessary. In fact, defense counsel actually argued that the jury was entitled to presume appellant's belief that deadly force was immediately necessary was reasonable if they made the requisite findings. "Now let's talk about the presumption of his belief. If you find, number one, that he knew or had reason to believe somebody was trying to kill him, somebody was trying to rob him, or somebody was trying to commit some type of felony, that's applicable there; and he didn't provoke anybody and he was not otherwise engaged in criminal activity, then the presumption that was in his mind that it was reasonable is presumptively reasonable."

The State, on the other hand, focused on the degree of force that appellant used after the victim was incapacitated. "This man is beaten within an inch of his life. [Appellant] is unscathed. Think about that. When and to what degree? So you would have to believe that [appellant], . . . found it immediately necessary to continue to pummel [the victim] as he laid on the ground defenseless. That's no defense, ladies and gentlemen; that's offense." . . . "Self-defense. Absurd. This turns into an offensive act by the time [the victim] was on that ground. By the time [the victim] was lying there motionless, by the time [appellant] chose to keep pummeling him and then go ahead and take his property . . . ." The State also argued that to

acquit appellant based on self-defense, the jury would have to find the victim's use of force was unlawful, something the State disputed. Considering the totality of the arguments, we cannot conclude based on this factor that appellant suffered some actual rather than theoretical harm from the omission of a presumption-of-reasonableness instruction in the jury charge.

4. Entirety of Record; Other Relevant Information

The final *Almanza* factor addresses any other relevant information revealed by the record as a whole. *See Almanza*, 686 S.W.2d at 171. Having reviewed the record, we note that during voir dire, defense counsel also referred to the presumption of reasonableness during his discussion of self-defense. "The actor's belief that the force is immediately necessary is presumed to be reasonable if he knew or had reason to believe that the person against who the force was used was committing or attempting to commit a kidnapping, murder, sexual assault, which is rape, aggravated sexual assault, robbery, [aggravated] robbery; number 2 did not provoke the person; number 3 was not otherwise engaged in criminal activity." The defense counsel went on to use examples to discuss this issue with the panel. As noted above, he also referred to this voir dire presumption of reasonableness discussion during his closing argument. Because the presumption-of-reasonableness was presented to the jury during voir dire and again in closing argument, we conclude, this factor also does not support a conclusion that appellant suffered some actual as opposed to theoretical harm from the omission of the statutory presumption from the jury charge.

Because an instruction on the statutory presumption would have allowed the jury to not apply the presumption if they made certain findings, the evidence in the record of self-defense was weak, and the jury was actually informed about the presumption of reasonableness at voir dire and during closing arguments, we conclude the record fails to indicate the existence of egregious harm. We resolve appellant's second issue against him.

–9–

## B. Legal Sufficiency

In his first point of error, appellant argues that the evidence is legally insufficient to support his conviction. In reviewing a legal sufficiency challenge, we must determine whether any reasonable fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We review all the evidence in the light most favorable to the verdict, giving deference to the fact finder's responsibility to weigh the evidence, resolve conflicting testimony, and draw reasonable inferences from basic facts to ultimate facts. *See id.* We also determine "whether the necessary inferences are reasonable based upon the combined and cumulative force of all of the evidence when viewed in the light most favorable to the verdict." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. *Id.*

To obtain a conviction for aggravated assault, the State had to prove appellant intentionally or knowingly assaulted another causing serious bodily injury to the person. *See* TEX. PENAL CODE ANN. § 22.02 (West 2011). Where, as here, appellant produces some evidence of self-defense, the State does not have to produce evidence refuting self-defense, but must still prove its case beyond a reasonable doubt. *See Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). A finding of guilt is an implied finding that appellant did not act in self-defense. *See Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). Because appellant asserts a sufficiency challenge on the basis of his claim of self-defense, we must determine whether any rational fact finder would have found the essential elements of the offense beyond a reasonable doubt and would have found against appellant on the self-defense issue beyond a reasonable doubt. *See id.*

The evidence revealed that the encounter between appellant and the victim started when appellant attempted to obtain money from the victim for bringing Jackson to his truck. When the victim refused to pay, appellant told him he had flattened the victim's tires. Even if this prompted the victim to confront and hit appellant with the tire tester bat, appellant told police that he took the bat away from the victim and then "took my aggression out on him." The trucker who witnessed the beating did not believe appellant was acting in self-defense because of the force appellant was using and the fact that victim was lying on the ground motionless while being beaten. After appellant finished beating the victim, the trucker saw appellant enter the victim's truck and remove three bags. The victim was beat "beyond recognition" according to the trucker. The evidence was undisputed that the victim sustained extensive injuries to his face and head that required reconstructive surgery. It was also undisputed that the victim no longer works as a trucker due to his injuries and was currently living with his sister. At trial, the victim identified jewelry found on appellant when he was apprehended as belonging to him. After reviewing the evidence in the light most favorable to the verdict, we conclude a rational jury could have found beyond a reasonable doubt the elements of aggravated assault and could have found against appellant on the self-defense issue beyond a reasonable doubt. *See Saxton*, 804 S.W.2d at 914. We resolve appellant's first issue against him.

We affirm the trial court's judgment.

Do Not Publish
Tex. R. App. P. 47
131479F.U05

/ David Evans/
DAVID EVANS
JUSTICE

–11–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ZACHARIAH ARTHUR WILLIAMS, Appellant

No. 05-13-01479-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F13-53277-J
Opinion delivered by Justice Evans, Justices Myers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of June, 2015.

–12–